Richard STRONG *v.* STATE of Arkansas

CR 06-1346                                               257 S.W.3d 80

Supreme Court of Arkansas
Opinion delivered May 17, 2007

*Randel Miller*, for appellant.

No response.

PER CURIAM. On April 20, 2007, Randel Miller, attorney for Appellant Richard Strong, filed a second motion to withdraw or, in the alternative, a motion for extension of time to file a brief. In his motion, Miller claimed that "a conflict has recently

arisen between counsel and [Appellant]" that would require his withdrawal from the case. Miller stated that Appellant filed a complaint against him with the Committee on Professional Conduct, but Miller did not attach such an exhibit to his motion. Miller now requests that we grant his motion to withdraw.

Rule 16 of the Rules of Appellate Procedure – Criminal provides:

> (a) Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court to withdraw in the interest of justice or for other sufficient cause. After the notice of appeal of a judgment of conviction has been filed, the Supreme Court shall have exclusive jurisdiction to relieve counsel and appoint new counsel.

The United States Supreme Court recognized in *Holloway v. Arkansas*, 435 U.S. 475 (1978), that defense counsel is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial. The Supreme Court also stated in *Holloway* that defense attorneys have the obligation to advise the court at once upon discovering a conflict of interest. *See id.*

Here, we grant Miller's motion for extension of time to file a brief and order him to file a brief within thirty days. We deny Miller's motion to withdraw at this time. However, we will consider a subsequent motion to withdraw if an entry of appearance of new counsel, an affidavit of indigency, or a petition to appear pro se are submitted simultaneously with a motion to withdraw. These motions must be filed within thirty days of this order.

Motion to withdraw denied; motion for extension of time granted.